Colcock, J.
delivered the opinion of the Court.
It appeared that the defendant and one Sterret *275 lived together; that John Brown, the principal felon, brought the goods to the house; that prisoner saw them next morning, and charged Brovm with having robbed some store; that afterwards a passage was engage^. by Sterret for the prisoner, Scovel, on board a vessel bound to North Carolina, and that two trunks were sent to the vessel, the one containing á quantity of the stolen goods, and the other the prisoner’s clothes. That Sterret and the prisoner went to the vessel, when the former observed to the captain, here is your passenger and his baggage. The captain swears expressly that he received the trunks as the prisoner's, and that he asked him if he should put the longest into the hold of the vessel ? to which prisoner replied that he might do so. It was contended that this was the possession of Sterret, and not of the prisoner. I should have had no hesitation in deciding that the possession of the goods at the house, before. their removal, was a sufficient possession under the statute; but if there could have been any doubt as to this, the subsequent acts of the prisoner show an actual and independent possession, and'prove most clearly that he had received the goods either as a purchaser, or as a bailee, for the purpose of conveying them to North Carolina. When on board the vessel, with his consent, as his baggage, they were most certainly in his possession for all legal purposes, and he could undoubtedly have maintained an action for the loss of them. *276 It was said, that by recurring to the statute, it would be seen that from its object and design it could not embrace a case of this kind; but from the best view I am able to take of the statute and its objects, it appears to me that I never saw a case more clearly brought within the scope and object of it. It was intended to reach such persons as gave their aid to thieves and robbers, by receiving from them for their use, or buying for their own use, any stolen goods. And any receiving for this purpose, with a knowledge that the goods were stolen, is sufficient to consummate the offence. The offence, then, was consummated. The character of a prisoner should undoubtedly be taken into consideration, and should, in a doubtful case, have , great weight; but this was for the jury. lam against the motion.
B. F. Hunt, for the motion.
Richardson, Attorney General, contra.
The other Judges concurred.